

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**MARK ALBRECHTA,**

     Plaintiff,

v.                                     Civil Action No. **3:15CV222**

**UNITED STATES MARSHALS,** *et al.,*

     Defendants.

### MEMORANDUM OPINION

Mark Albrechta ("Albrechta"), a federal inmate confined in the Federal Correctional Complex in Petersburg, Virginia, filed suit in the Circuit Court for Henrico County, Virginia (the "Circuit Court") alleging cruel and unusual punishment, medical negligence, medical malpractice, intentional delay of medical treatment, and sexual harassment.[1]  Defendants United States Marshals and Federal Bureau of Prisons (collectively, "Defendants") removed the case to this Court.  This matter is before the Court on Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 2), as well as Albrechta's Motion to Remove AUSA Laura M. Harker and Reinstate Judge Hudson (ECF No. 6), Motion to Waive Copy Fees (ECF No. 7), and Motion to Stop Removal and Dismiss Notice of Removal (ECF No. 8).  For the reasons set forth below, the Court will GRANT the Motion to Dismiss and will DENY Albrechta's motions.

### I.    SUMMARY OF ALLEGATIONS

In his Complaint, Albrechta alleges that for eleven months, medical staff at Pamunkey Regional Jail, Northern Neck Regional Jail, and the Federal Correctional Complex at Petersburg,

---

[1] Albrechta titled the action, "Petition to File Law Suit." ("Complaint," ECF No. 1–1 at 2.)  The Court employs the pagination assigned to the Complaint by the CM/ECF docketing system.  The Court corrects the capitalization in quotations from Albrechta's submissions.

provided him with the wrong medication for his scabies. (Compl. at 2–3.) Albrechta further

alleges that when he saw the oral surgeon regarding several teeth that needed removed, the oral

surgeon was only initially allowed to remove two out of nine teeth. (*Id.* at 3–4.) He claims that

the remaining teeth were eventually removed after he "went temporarily blind." (*Id.* at 4.)

Finally, Albrechta asserts that a nurse at the Federal Correctional Complex in Petersburg falsely

accused him of engaging in homosexual relations. (*Id.*) He seeks monetary damages for these

alleged violations. (*Id.*) Under the most generous interpretation, it appears Albrechta seeks to

assert claims for damages against Defendants for: (1) violating his Eighth Amendment[2] rights

and (2) committing several torts.

## II.    LACK OF JURISDICTION

"Federal courts are courts of limited jurisdiction and are empowered to act only in those

specific instances authorized by Congress." *Goldsmith v. Mayor & City Council of Baltimore*,

845 F.2d 61, 63 (4th Cir. 1988) (citation omitted) (internal quotation marks omitted). "[A]

federal court is obliged to dismiss a case whenever it appears the court lacks subject matter

jurisdiction. . . . Determining the question of subject matter jurisdiction at the outset of the

litigation is often the most efficient procedure." *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir.

1999) (citations omitted).

### A.    Constitutional Claims

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies

from suit. Sovereign immunity is jurisdictional in nature. Indeed, the terms of [the United

States'] consent to be sued in any court define that court's jurisdiction to entertain the suit."

*FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (internal citations and quotation marks omitted) (citing

---

[2] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

*United States v. Mitchell*, 463 U.S. 206, 212 (1983); *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). The United States and its agencies have not waived sovereign immunity for suits seeking damages based on allegations of constitutional violations. *Radin v. United States*, 600 F.2d 681, 684-85 (4th Cir. 1983). Thus, Albrechta's attempt to sue Defendants for violating his constitutional rights is barred by sovereign immunity. Accordingly, Albrechta's constitutional claims will be DISMISSED.

### B.    Tort Claims

The most closely applicable statute for Albrechta's remaining tort claims is the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346 & 2671 *et seq.*[3] The FTCA vests exclusive jurisdiction for tort claims brought against the United States and its agencies in the federal district courts. 28 U.S.C. § 1346(b)(1). This exclusive grant, therefore, precludes state courts from exercising jurisdiction over FTCA claims. *See Bullock v. Napolitano*, 666 F.3d 281, 285 (4th Cir. 2012).

### 1.    Derivative Jurisdiction

Defendants removed this case under 28 U.S.C. § 1442(a)(1),[4] which permits the Government to remove a civil case that is filed against the United States or its agencies in state

---

[3] That statute provides, in pertinent part:

> [T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

[4] That statute provides:

3

court. 28 U.S.C. § 1442(a)(1). The doctrine of derivative jurisdiction applies when the

Government removes a case under § 1442. *Palmer v. City Nat'l Bank of W. Va.*, 498 F.3d 236,

246 (4th Cir. 2007). Upon removal, under the doctrine of derivative jurisdiction, the federal

court acquires only the jurisdiction possessed by the state court prior to removal. *See id.* at 244,

246. When, as here, the state court lacks subject matter jurisdiction, the federal court does not

acquire jurisdiction upon removal, "even though in a like suit originally brought in federal court,

the court would have had jurisdiction." *Smith v. Cromer*, 159 F.3d 875, 879 (4th Cir. 1998)

(citing *Boron Oil Co. v. Downie*, 873 F.2d 67, 70 (4th Cir. 1989)).

### 2.    Analysis

As noted above, the FTCA vests exclusive jurisdiction for tort claims brought against the

United States and its agencies in the federal district courts. 28 U.S.C. § 1346(b)(1). Therefore,

the Circuit Court lacked jurisdiction over Albrechta's tort claims. To the extent that Albrechta

intends to allege an FTCA claim, the Court lacks jurisdiction pursuant to the doctrine of

derivative jurisdiction.[5] *Palmer*, 498 F.3d at 246–47; *see, e.g.*, *Lopez v. Sentrillon Corp.*, 749

---

> (a) A civil action or criminal prosecution that is commenced in a State
> court and that is against or directed to any of the following may be
> removed by them to the district court of the United States for the district
> and division embracing the place wherein it is pending:
>
>> (1) The United States or any agency thereof or any
>> officer (or any person acting under that officer) of
>> the United States or of any agency thereof, in an
>> official or individual capacity, for or relating to any
>> act under color of such office or on account of any
>> right, title or authority claimed under any Act of
>> Congress for the apprehension or punishment of
>> criminals or the collection of the revenue.

28 U.S.C. § 1442(a)(1).

[5] If Albrechta so desires, he "remains free to bring a separate action against the federal
defendants in . . . a district court, for [his tort] claims, in accordance with the FTCA." *Palmer*,

F.3d 347, 350–51 (5th Cir. 2014) (holding that derivative jurisdiction doctrine applies to FTCA claims removed pursuant to 28 U.S.C. § 1442); *Najee v. Fed. Bureau of Prisons*, No. 2:11cv46, 2012 WL 510308, at *4 (N.D. W. Va. Jan. 18, 2012) (holding that federal district court lacked jurisdiction over FTCA claim removed from state court). Accordingly, Albrechta's tort claims will also be DISMISSED.

Pursuant to the Prison Litigation Reform Act ("PLRA"), this Court must dismiss any action filed by a prisoner if the Court determines the action "(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Accordingly, because this Court lacks jurisdiction and cannot legally adjudicate Albrechta's claims, dismissal is appropriate under § 1915A(b)(1) because Albrechta's Complaint fails to state a claim upon which relief may be granted.

### III. OUTSTANDING MOTIONS

Albrechta has filed a Motion to Remove AUSA Laura M. Harker and Reinstate Judge Hudson. (ECF No. 6.) In his Motion, Albrechta provides no reason for why the Court should remove AUSA Harker from the case. He further provides no reason for why the Court should recuse itself and assign the matter to Judge Hudson. Accordingly, Albrechta's Motion (ECF No. 6) will be DENIED.

Albrechta has also filed a Motion to Waive Copy Fees. (ECF No. 7.) In that Motion, he asks that the Clerk send copies of his filings to the Government. Given that the Court is dismissing Albrechta's case, this Motion (ECF No. 7) will also be DENIED.

---

498 F.3d at 247. Dismissal of an FTCA claim does not infringe on "any fundamental right of judicial access . . . [because Albrechta] has not yet availed [him]self of the appropriate federal fora for resolving [his] claims against the federal defendants." *Id.* (citations omitted).

Finally, Albrechta has filed a Motion to Stop Removal and Dismiss Notice of Removal. (ECF No. 8.) In that Motion, Albrechta essentially argues that his case should be remanded to state court because he does not believe that this Court will render a fair decision. (*Id.* at 1–4.) However, the Government is entitled to remove cases filed against "[t]he United States or any agency thereof" that are filed in state court. 28 U.S.C. § 1442(a)(1). Accordingly, Albrechta's Motion (ECF No. 8) will be DENIED.

## IV.   CONCLUSION

Accordingly, Defendants' Motion to Dismiss (ECF No. 2) will be GRANTED. Albrechta's Motion to Remove AUSA Laura M. Harker and Reinstate Judge Hudson (ECF No. 6), Motion to Waive Copy Fees (ECF No. 7), and Motion to Stop Removal and Dismiss Notice of Removal (ECF No. 8) will be DENIED. The action will be DISMISSED.

The Clerk will be directed to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

An appropriate Final Order will accompany this Memorandum Opinion.

/s/
James R. Spencer
Senior U. S. District Judge

Date: 9-15-15
Richmond, Virginia

6